WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| United States of America, | No. CR-14-01342-PHX-JAT |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Izmir Sanudo-Duarte (02), | |
| Defendant. | |

Pending before the Court is Defendant Izmir Sanudo-Duarte ("Sanudo-Duarte")'s Motion to Compel Disclosure of Information Concerning Confidential Informant (Doc. 92) and Motion for Disclosure of Confidential Informant (Doc. 94). The Court now rules on the motions.

**I.    Factual Background**

On September 23, 2015, the Government filed a superseding indictment ("Indictment") charging Sanudo-Duarte and three co-defendants with a total of six counts. (Doc. 101). Sanudo-Duarte was charged in the following two counts: (1) Conspiracy to Possess with Intent to Distribute Methamphetamine and (2) Possession with Intent to Distribute Methamphetamine and/or aiding and abetting the same. (*Id.*)[1]

---

[1] The remaining counts listed in the Indictment are Possession with Intent to Distribute Methamphetamine, Possession with Intent to Distribute Methamphetamine, Possession with Intent to Distribute Cocaine, and Possession with Intent to Distribute Cocaine. (Doc. 101). Aiding and Abetting has also been charged with respect to five of the counts. (*Id.*)

Two co-defendants have entered guilty pleas, (Docs. 60, 86); Sanudo-Duarte and co-defendant Rene Vargas-Herrara have not.

## II.   Motion to Compel Disclosure of Information Concerning Confidential Informant (Doc. 92)

In this motion, Sanudo-Duarte contends that the Government must disclose or take affirmative action regarding twenty-three enumerated matters. (Doc. 92). Specifically, Sanudo-Duarte makes numerous requests for information regarding the Confidential Informant, several requests for information that the Government is already required by law to disclose, and various other unrelated requests. (*Id.* at 6–9). The Government responds that it will disclose the information about the Confidential Informant approximately thirty days before trial. (Doc. 105). In supplemental briefing, the Government addresses each of Sanudo-Duarte's other requests. (Doc. 117).

On Tuesday, October 20, 2015, the Court heard Oral Argument on this motion. (Doc. 119). During Oral Argument, it became apparent that the parties were in the process of resolving Sanudo-Duarte's requests. (*Id.*) Consequently, the Court will deny this motion without prejudice and will allow Sanudo-Duarte to re-file the motion no later than Friday, December 4, 2015 if the parties cannot come to a resolution of the requested items. If Sanudo-Duarte does re-file his motion, the response and reply will be due within the time set by the Local Rules.

## III.   Motion for Disclosure of Confidential Informant (Doc. 94)

In this motion, Sanudo-Duarte argues that the Government should be compelled to disclose the identity of the Confidential Informant. (Doc. 94). The Government does not dispute the motion, but responds by giving notice that it intends to call the Confidential Informant to testify at trial and will disclose the identity of the Confidential Informant approximately thirty days before trial. (Doc. 106). The Court finds this to be reasonable. Disclosing the identity of the Confidential Informant thirty days before trial will more than satisfy the Government's obligations under Fed. R. Crim. P. 16(a)(2) and 18 U.S.C. 3500(a) (2012). *See United States v. Thompson*, 493 F.2d 305, 309 (9th Cir. 1974)

(finding no requirement that the Government disclose the identity of witnesses prior to trial (citing *United States v. Glass*, 421 F.2d 832, 833 (9th Cir. 1969))). Consequently, this motion will be granted, and the Government will be ordered to disclose the identity of the Confidential Informant at least thirty days before trial.

**IV. Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Sanudo-Duarte's Motion to Compel Disclosure of Information Concerning Confidential Informant (Doc. 92) is denied without prejudice and may be re-filed no later than Friday, December 4, 2015.

**IT IS FURTHER ORDERED** that Sanudo-Duarte's Motion for Disclosure of Confidential Informant (Doc. 94) is granted; specifically, the Government shall disclose the identity of the Confidential Informant at least thirty (30) days before trial.

Dated this 22nd day of October, 2015.

_____
James A. Teilborg
Senior United States District Judge