**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-14-01342-002-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Izmir Sanudo-Duarte, | |
| Defendant. | |

On January 7, 2016, the United States of America ("United States") moved the Court to compel Defendant Izmir Sanudo-Duarte ("Sanudo-Duarte") to provide full palm prints for latent print examination and requested an expedited ruling on the motion. (Doc. 144). The Court granted the United States' request for an expedited ruling and ordered Sanudo-Duarte to respond to the United States' motion by Monday, January 11, 2016. (Doc. 145). Sanudo-Duarte did not file a response.

**I.   Background**

Sanudo-Duarte has been charged in a superseding indictment with possession with the intent to distribute methamphetamine, among other things. (Doc. 101). During the investigation of Sanudo-Duarte and his co-defendants, government officials seized several boxes that contained methamphetamine. (Doc. 144 at 2). The United States now seeks to obtain Sanudo-Duarte's palm prints to determine whether they match the prints found on one of the boxes. (*Id.*)

The United States explains that although Sanudo-Duarte already provided his palm

1 prints earlier in the investigation, the furnished prints "were incomplete, and not suitable for comparison." (*Id.*) According to the United States, a DEA Fingerprint Specialist "indicated that additional known prints of the defendant with clear and completely recorded palm prints are required for a conclusive comparison." (*Id.*)

**II.    Analysis**

Although Sanudo-Duarte has not filed a response to the pending motion to compel, the issues presented arguably inculpate the Fourth and Fifth Amendments of the United States Constitution. The Court will analyze each in turn.

### A.    Fifth Amendment

It has long been established that a criminal defendant cannot suppress his identity. *See INS v. Lopez-Mendoza*, 468 U.S. 1032 (1984). Moreover, the compelled display of identifiable physical characteristics does not infringe on an interest protected by the Fifth Amendment privilege against self-incrimination. *See, e.g.*, *Schmerber v. California*, 384 U.S. 757, 760–65 (1966); *Gilbert v. California*, 388 U.S. 263, 265–67 (1967); *United States v. Dionosio*, 410 U.S. 1 (1973). Consequently, the Court finds that palm prints are identifiable physical characteristics unprotected by the Fifth Amendment.

### B.    Fourth Amendment

The Fourth Amendment bars unreasonable searches and seizures by the government. *See* U.S. Const. amend. IV. "The touchstone of Fourth Amendment analysis is whether a person has a constitutionally protected reasonable expectation of privacy." *California v. Ciraolo*, 476 U.S. 207, 211 (1986) (quotation omitted). Further, "wherever an individual may harbor a reasonable 'expectation of privacy' . . . he is entitled to be free from unreasonable government intrusion." *Terry v. Ohio*, 392 U.S. 1, 9 (1968).

When an individual is compelled to provide physical evidence to the government, there are two "seizures" for purposes of Fourth Amendment analysis. *See Dionisio*, 410 U.S. at 8 ("The obtaining of physical evidence from a person involves a potential Fourth Amendment violation at two different levels—the 'seizure' of the 'person' necessary to bring him into contact with government agents, and the subsequent search for and seizure

of the evidence."). If the individual is in lawful custody when the physical evidence is obtained, however, the first level of analysis is removed. *See United States v. Sanders*, 477 F.2d 112, 113 (5th Cir. 1973); *United States v. Sechrist*, 640 F.2d 81, 85 (7th Cir. 1981). Here, Sanudo-Duarte is being held pursuant to an indictment and is therefore in lawful custody.

Regarding the second level of analysis, courts have determined that obtaining an individual's fingerprints does not constitute an intrusion upon his privacy that warrants Fourth Amendment protection. *See, e.g.*, *Dionisio*, 410 U.S. at 4 ("The Fourth Amendment prohibition against unreasonable search and seizure applies only where identifying physical characteristics, such as fingerprints, are obtained as a result of unlawful detention of a suspect, or when an intrusion into the body, such as a blood test, is undertaken without a warrant, absent an emergency situation.").

Accordingly, the Court finds that it can compel Sanudo-Duarte to produce his palm prints without offending his Fourth Amendment rights.

### III.  Conclusion

Sanudo-Duarte has not provided the Court with any reason to deny the United States' request for his palm prints, and the Court finds that the United States' request would not infringe on his Fourth or Fifth Amendment rights.

For these reasons,

**IT IS ORDERED** that the United States' Motion to Compel Defendant to Provide Palm Prints (Doc. 144) is **GRANTED**.

The Court finds excludable delay under 18 U.S.C. § 3161(h) from January 7, 2016 to January 12, 2016.

Dated this 12th day of January, 2016.

James A. Teilborg
Senior United States District Judge